**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **In Re: Giles-Jordan, Inc.** | § | |
| **Debtor** | § | **CASE NO. 14-80173** |
| | § | |
| | § | **CHAPTER 11** |

**MOTION OF GALVESTON SHORES, L.P. FOR RELIEF FROM STAY OR ALTERNATIVELY TO DISMISS CHAPTER 11 PROCEEDING**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATICE STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST SEVEN (7) DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY. THERE WILL BE A HEARING ON THIS MATTER ON JULY 11, 2014 AT 10:00 A.M., AT 601 ROSENBERG, 7TH FLOOR COURTROOM, GALVESTON, TX**

TO THE HONORABLE BANKRUPTCY COURT JUDGE:

Galveston Shores, L.P., a Texas Limited Partnership ("Galveston Shores"), and files its Motion for Relief from Stay ("Motion") pursuant to 11 U.S.C. § 362(d), and Alternative Motion to Dismiss and in support thereof states as follows:

### I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the district court. This matter is a core proceeding. 28 U.S.C. § 157(b)(1), (b)(2)(G).

2. Venue in this Court is proper under 28 U.S.C. § 1409(a).

1

## FACTUAL BACKGROUND

3. Upon information and belief, the Debtor was organized in Texas on November 6, 2012. Debtor was formed for the purpose of purchasing approximately 39.16 acres of raw land on Galveston Island in Galveston, Galveston County, Texas. The 39.16 acres is the only real asset of the Debtor.

4. On or about September 17, 2013, the debtor purchased it's only asset from Secured Creditor Galveston Shores, L.P. for the sum of $4,000,000.00. The Debtor, through its principals, paid approximately $550,000.00 down on the purchase. See Exhibit 1 (Settlement Statement) attached hereto.

5. Upon information and belief, the sales price of $4,000,000.00 remains the actual current market value of the property.

6. As part of the purchase of the only asset of the debtor, Secured Creditor **Galveston Shores, L.P., a Texas Limited Partnership**, financed the sale of the 39.16 acres of undeveloped land located on the East Beach of Galveston Island, with a loan in the amount of $3,450,000 bearing interest at the rate of 10% per annum, secured by a Deed of Trust of even date recorded at Clerk's File No. 2013060714 in the Real Property Records of Galveston County, Texas. See Exhibits 2 (Promissory Note) and 3 (Deed of Trust) attached hereto. The Debtor represented to Galveston Shores, L.P., that the owner financing was only needed as a bridge loan pending the finalizing of a development loan from a lender. That loan never materialized.

7. The promissory note became due on or about December 17, 2013. It was not paid.

8. The Promissory Note went into default and Galveston Shores, L.P., was forced to post the 39.16 acres for foreclosure scheduled for Tuesday, May 6, 2014.

9. On May 5, 2014 (the "Petition Date"), at 11:59 p.m. ten hours before the scheduled foreclosure of the 39.16 acre tract, Giles-Jordan, Inc. ("Debtor") filed a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the Southern District of Texas, Galveston Division (the "Court"). At the time of filing, the Debtor had no obvious means of refinancing its debt or of operating in a manner which would likely result in reorganization.

10. Since the Petition Date, while the Debtor has continued to operate and manage its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. However it is admitted by the Debtor that it has no actual operating business and has had no reported revenues. The Debtor's Amended Schedules reflect virtually no cash on hand. No official committee of unsecured creditors has been appointed in the bankruptcy case as there are insufficient creditors to do so. Galveston Shores, LP is the only secured creditor listed . The principle unsecured debtor is an insider of the Debtor and the only pre-bankruptcy source of funds for the Debtor.

11. Though demanded the Debtor has not offered Galveston Shores, L.P. any adequate protection for its continued possession and use of the collateral. Galveston Shores, L.P., is an oversecured creditor and its position is being jeopardized by the delay in foreclosure caused by the midnight filing by the debtor.

12. While the Debtor hopes to be able to secure financing, it has no realistic options that are likely to result in permanent financing. The sole reason for filing the bankruptcy was to stop foreclosure. The Debtor has replatted the acreage but has no funds to develop it. It has tried to sell lots, but can only do so conditionally because there are no subdivision improvements on any of the lots such as roads and utilities. There is no cash for such development and no cash likely to become available to the Debtor. Even a plan of liquidation with the intent of attempting to sell the property above the secured debt would be no more than a "pipe dream" or "visionary scheme" and not confirmable. In re D & G Inv. of Fla, Inc. 34 B.R. 882, 886 (Bankr. M.D. Fla. 2006).

13. The Debtor's filing was in bad faith and solely for the purpose of preventing foreclosure. The Debtor

has no ability to reorganize or reasonable chance of proposing a feasible plan of reorganization that can be reasonably be confirmed.  The Debtor has no resources or ability to provide for adequate protection payments to Galveston Shores, L.P. Due to the paucity of unsecured creditors, and the principle unsecured creditor being an insider, the Debtor will not be able to even meet the requirements for "cramdown" under  Section 1129(a)(10).

## RELIEF REQUESTED

14. Cause exists for granting Galveston Shores, L.P. relief from the automatic stay under Section 362(d) of the Bankruptcy Code including (1) lack of adequate protection and (2) the property not being necessary for reorganization because of the debtor's inability to reorganize, and (3) the Debtor's filing was in bad faith.

15. Under 11 U.S.C. §362(d)(1) the Bankruptcy Court may, after notice and hearing, grant relief from the automatic stay for cause, including lack of adequate protection.

16. There is no doubt that the Debtor is unable to offer Galveston Shores, L.P. any adequate protection payments.

17. The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of Galveston Shores, L.P. 's actions to enforce its lien on the only asset belonging to the Debtor.  Various bankruptcy courts have applied a series of factors to determine bad faith, including whether:

    1. The debtor has few or no unsecured creditors;

    2. The debtor has previously sought relief;

    3. The petition was filed on the eve of foreclosure;

    4. The foreclosed property is the sole or major asset of the debtor;

    5. The debtor has no ongoing business;

    6. The debtor has no ability to reorganize;

    7. The reorganization essentially involves a two party dispute; and

    8. The corporate debtor was formed to effectuate the filing.

*In re Reyes Ramos*, 2006 WL 3898377 (Bankr. D.P.R. Jan. 13, 2006), (citing *In re Harvey Road Associates VII,* 140 B.R. 302 (Bankr. D. Mass 1992) and *In re Bryan*, 104 B.R. 554 (Bankr.D.Mass.1989)). In this case, the Debtor meets six of these eight factors.

18. For the above reasons, Galveston Shores, L.P. requests that the Court lift the automatic stay so that Galveston Shores, L.P. may exercise its rights against the Collateral pursuant to applicable non-bankruptcy law and that Galveston Shores, L.P. be granted such other and further relief as may be just and proper.

19. Alternatively, Galveston Shores, L.P. seeks dismissal of this proceeding on the grounds stated above.

                                                Respectfully submitted,

                                                /s/ David E. Cowen
                                                David E. Cowen
                                                Texas Bar No. # 04926700
                                                McLeod, Alexander, Powel & Apffel, P.C.
                                                802 Rosenberg
                                                P.O. Box 629
                                                Galveston, Texas 77553
                                                281-488-7150 Ext. 134
                                                409-763-2481 Ext. 134
                                                **409-762-1155 Facsimile**
                                                **ATTORNEYS FOR GALVESTON SHORES, L.P.**

**CERTIFICATE OF CONFERENCE**

    Pursuant to Local Rule 4001, I hereby certify that on June 21, 2014 I contacted to Debtor's counsel regarding this motion and she indicated that the Debtor was OPPOSED to the motion and we could not resolve the matters raised herein.

                                                          /s/ David E. Cowen

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was properly forwarded to counsel of record and parties via certified mail return receipt requested and/or via the court's electronic mail system on this 25th day of June, 2014.

ASTE, LLC
4635 SW Fwy, Suite 525
Houston, Texas 77027-7157

Greer Herz & Adams, LLP
One Moody Plaza, Suite 1800
Galveston, Texas 77550

Jones & Carter
1701 Directors Blvd., Suite 400
Austin, Texas 78744-1024

Jeffrey Wells Oppel
Oppel & Goldberg, PLLC
1010 Lamar, Suite 1420
Houston, Texas 77002-6315

Giles-Jordan, Inc.
13402 Stewart Rd.
Galveston, Texas 77554-7719

CDS
1001 S. Dairy Ashford, Suite 450
Houston, Texas 77077-2386

Harry & Teresa Giles
1702 Stoneridge Rd.
Austin, Texas 78746-7813

Ellen Maresh Hickman
Office of the U S Trustee
515 Rusk St
Ste 3516
Houston, TX 77002

United States Bankruptcy Court
P.O. Box 2300
Galveston, Texas 77553-2300

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

US Trustee
Office of the US Trustee
515 Rusk Ave., Ste. 3516
Houston, Texas 77002-2604

/s/  David E. Cowen